IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ISLAND VIEW RESIDENTIAL TREATMENT CENTER, et al. Plaintiff(s), vs. KAISER PERMANENTE, et al. Defendant(s), | **MEMORANDUM DECISION AND ORDER** Case No. 1:09-cv-3 |

This matter is before the court on the motion of defendants Kaiser Permanente and Kaiser Permanente Traditional Plan For Small Business (collectively "Kaiser") for change of venue under 28 U.S.C.§ 1404(a). Plaintiffs Island View Residential Treatment Center ("Island View") and Anna L., Thomas L. and Andrew L. (collectively the "L's") brought their initial coverage action in this court, seeking to recover expenses incurred by them for the treatment of Andrew L. at the Island View Residential Treatment Center. Island View's claims have since been dismissed by stipulation of all parties. The L's allege that the defendants improperly denied coverage for the cost of Andrew L.'s care at Island View under the terms of a group membership agreement for the provision of health care services. Kaiser argues that venue is proper in the Northern District of California because of the convenience of the witnesses and parties, and in

the interest of justice. The court grants the motion on the basis that under 29 U.S.C. § 1132(e)(2) venue is not proper in this district, but is proper in the Northern District of California. The plaintiff participant and his employer, the beneficiary, and the plan administrator all reside in Northern California. Even were venue proper in this district under 29 U.S.C. § 1132(e)(2), venue should be transferred to the Northern District of California pursuant to the factors to be considered under 28 U.S.C.§ 1404(a). Kaiser's motion to change venue is GRANTED.

## FACTUAL BACKGROUND

Plaintiffs Anna L. and Thomas L. are the parents of Andrew L. The L's reside and work in the Northern District of California. Defendant Kaiser is a nonprofit California health maintenance organization. Kaiser furnishes health care services to its subscribers and their dependents in accordance with the terms of written medical and hospital services agreements entered into between Kaiser, the subscribers and their employers, and other organizations.[1] Thomas L. became a Kaiser subscriber through a group membership agreement between his employer and Kaiser. Andrew L. is a beneficiary eligible for coverage under his father's health insurance policy. Andrew L. received treatment at Island View in Davis County, Utah from November 10, 2005 to September 21, 2006, for his history of behavioral problems.

Plaintiffs allege as follows: On November 9, 2005, they requested a verification of benefits from Kaiser. In response, Kaiser indicated that it covered residential treatment, but after Andrew L. was admitted to Island View, Kaiser refused to give preauthorization because Island View was an out-of-state provider. Through a series of correspondence sent between March and August 2006, Kaiser rejected Island View's claim that Andrew L.'s admission was covered under

---

[1] Borje-Bonkowski Decl. ¶2 & Exhs. A& B

the Kaiser plan. Island View responded that Andrew's care was covered because he was required to go out-of-network for residential treatment and Kaiser did not have in-network providers for this treatment. After further correspondence was exchanged and plaintiffs appealed, Kaiser denied insurance benefits.

Plaintiffs brought suit against Kaiser under the Employee Retirement Income Security Act ("ERISA") of 1974, codified in 29 U.S.C. § 1132(e)(1), alleging that venue is appropriate under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. 1391(c). Plaintiffs argue that venue is proper in Utah because communications during the pre-litigation appeal process between plaintiffs and Kaiser took place in Utah, and the alleged breaches of ERISA and the insurance plan occurred in Utah. Defendants counter that the alleged breach occurred elsewhere other than in Utah and that venue is proper in the Northern District of California, both under 29 U.S.C. § 1132(e)(2) and under 28 U.S.C.§ 1404(a), for convenience of the parties and in the interest of justice.

## ANALYSIS

**I.    Venue under ERISA**

Title 29 U.S.C. § 1132(e)(2) provides that an ERISA action in federal court "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." The evidence is largely undisputed that Kaiser neither administers the plan, resides nor is found in Utah. Plaintiffs argue, nevertheless, that the breach took place in Utah because Kaiser refused to pay Island View in Utah, where the care was provided and where discussions about coverage took place. The court finds the argument unavailing. Several cases establish that, under ERISA, the duty is owed to the plan participant and any breach of duty owed under the plan, occurs at the place where the plan participant

resides. The place is the location where the payment is to be made, even though the services may have been provided at an out-of-state location. *See, e.g. Barnum v. Mosca, et al.,* 2009 U.S. Dist LEXIS 31059 (N.D. N.Y. April 13, 2009); *Jon N. et al. v. Blue Cross Blue Shield of Mass.,* 2008 U.S. Dist. LEXIS 35464(D. Utah 2008); *Brown Schools, Inc. v. Florida Power Corp.*, 806 F. Supp. 146, 151 (W.D. Texas 1992). The breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits. *Id.* Because the L's are residents of Northern California, the ERISA plan contract was formed and breached in California. Under section 1132(e)(2), venue is not proper in Utah.

## II.     Venue Under Section 1404(a)

Even if an argument could be sustained that the breach occurred in Utah, a transfer of venue to the Northern District of California would still be appropriate under the facts of this case. Under 28 U.S.C. § 1404(a), a district court may order a change of venue "for the convenience of the parties and witnesses, and in the interest of justice, . . . to any other district or division where it might have been brought." In the Tenth Circuit, the party moving for a change of venue pursuant to § 1404(a) bears the burden of showing the existing forum is inconvenient. *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

In evaluating motions to transfer venue pursuant to § 1404(a), the court should consider the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the

advantage of having a local court determines questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical. *Id.* at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). In this case, the most salient of these factors favors the Northern District of California.

Although Andrew L. was treated in Utah and some communications between Island View and Kaiser took place in Utah, the alleged breaches of ERISA occurred either in California or a jurisdiction other than Utah. The Kaiser plan was not administered in Utah and the decisions about coverage were not made in Utah. Perhaps more importantly, neither the L's nor Kaiser is located in Utah, but both are located in California. Finally, although the convenience of the witnesses is not as important an issue in this case because the court's review in ERISA cases is generally limited to the administrative record, the most relevant witnesses and documents are not located in Utah. See, e.g., *Jewell v. Life Ins. Co. of Am.*, 508 F.3d 1303, 1309 (10th Cir. 2007); *Jon N. v. Blue Cross Blue Shield of Mass., Inc.*, 2008 U.S. Dist. LEXIS 35464 (D. Utah Apr. 29, 2008).

The L's argue that, notwithstanding the location of the documents and witnesses, their choice of Utah as the proper forum should be honored. They claim that convenience of the parties does not favor transfer and that Kaiser must provide evidence and not merely allegations of inconvenience. *See Briesch v. Automobile Club of Southern California*, 40 F. Supp. 2d 1318, 1322 (D. Utah 1999) (citing *Rivendell Forest Prods. Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990,993 (10th Cir. 1993). The L's insist that they are the only parties inconvenienced by traveling to Utah, and they are willing to litigate this matter in Utah.

Generally, a plaintiff's choice of forum should rarely be disturbed, "unless the balance is strongly in favor of the movant . . . ." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). That general rule, however, has less force if the forum "has little connection with the operative facts of the lawsuit." *Tyson v. Pitney Bowes Long-Term Disability Plan*, 2007 WL 4365332 (D.N.J. December 11, 2007) (citing *Tischio v. Bontex, Inc.*, 16 F. Supp.2d 511, 521 (D.N.J. 1998)). In this case, the L's choice of forum is not a controlling factor. There is little or no connection between the operative facts relating to coverage and this forum. Neither the L's nor Kaiser has a tie to Utah. The plan was not administered or breached in Utah. The relevant documents are not located in Utah and the witnesses, if any discovery is to be conducted, are not in Utah. Under these facts, plaintiffs' choice of forum is not sufficient to override the considerations that dictate a transfer to the Northern District of California.

The L's also argue that their choice of forum should not be disturbed because their choice of counsel is located in Utah. Although § 1404(a) considers the convenience of the parties and witnesses, it says nothing about the convenience of counsel. The Tenth Circuit has not addressed this issue, but the Seventh Circuit has stated that convenience of counsel is immaterial and should not be considered as a factor in determining whether transfer is proper under 28 U.S.C. § 1404(a). *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299,303 (7th Cir. 1955). The court finds the Seventh Circuit's reasoning persuasive. In this case, the court gives no deference to the concept that the location of the L's counsel is in Utah. If it is not inconvenient for the L's to travel to Utah for this litigation, they cannot claim with credibility that it is inconvenient for their counsel to travel to California.

## **CONCLUSION**

For the reasons stated above, Kaiser's Motion to Change Venue is GRANTED, and the court ORDERS that this action be transferred to the United States District Court for the Northern District of California.

DATED this 21st day of August, 2009.

         BY THE COURT:

         _____
         Honorable Clark Waddoups
         U.S. District Court Judge